# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| IN RE WEST POINT CUST., HEARING,[1] PEARLENE HOWARD, MARVIN D. KENT, SR., MICHAEL JOHN MARTINO,[2] AND JOHN BALAGUER,[3] | DOCKET NUMBERS NY-0752-14-0081-I-1 NY-0752-13-0572-I-1 NY-0752-13-0499-I-1 NY-0752-13-0505-I-1 NY-0752-13-0592-I-1 |
| Appellants, | |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: September 23, 2016 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[4]

In Re West Point Cust., Hearing Appellants, pro se.

Pearlene Howard, Newburgh, New York, pro se.

Marvin D. Kent, Sr., New Windsor, New York, pro se.

Michael John Martino, Newburgh, New York, pro se.

---

[1] The appellants that are included in this consolidation are set forth in Appendix A of this Order.

[2] Appellants Howard, Kent, and Martino were initially part of the consolidation *In re West Point IMCDPW Hearing v. Department of the Army*, MSPB Docket No. NY-0752-14-0097-I‑1 (*IMCDPW Hearing*).

[3] Appellant Balaguer was initially part of the consolidation *West Point IMCDPW No Hearing v. Department of the Army*, MSPB Docket No. NY-0752-14-0043-I‑1.

[4] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

<u>John McCabe</u>, Fort Montgomery, New York, for Appellant Balaguer.

<u>Matthew J. Geller</u>, Esquire, West Point, New York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The agency has filed petitions for review of the initial decisions in the above‑referenced appeals, which reversed the agency's furlough actions. Because these appeals present similar issues and to expedite their processing, we CONSOLIDATE them pursuant to 5 U.S.C. § 7701(f)(1) and 5 C.F.R. § 1201.36(a)-(b).  For the following reasons, we GRANT the agency's petitions for review, REVERSE the initial decisions, and AFFIRM the furlough actions.[5]

**BACKGROUND**

¶2     The relevant facts are undisputed.  A number of similarly situated custodial employees from the Directorate of Public Works, U.S. Army Garrison West Point, New York, appealed the agency's decision to furlough them for between 3-5 days, in July and August 2013, and the appeals were consolidated.  *E.g.*, *In re West Point Cust., Hearing v. Department of the Army*, MSPB Docket No. NY-0752-14-0081-I‑1 (*West Point Cust., Hearing*), Consolidation Appeal File (CAF), Tab 1; *West Point IMCDPW No Hearing v. Department of the Army*, MSPB Docket No. NY-0752-14-0043-I‑1, CAF, Tab 1; *In Re West Point IMCDPW Hearing v. Department of the Army*, MSPB Docket No. NY-0752-14-

---

[5] Our findings in this order only apply to appellants Balaguer, Howard, Kent, Martino, and the appellants set forth in Appendix A, not to any other appellants who may have been in the *IMCDPW Hearing* or *West Point IMCDPW No Hearing* consolidation appeals.

0097-I-1 (*IMCDPW Hearing*), CAF, Tab 1.  The administrative judge held a hearing in the *IMCDPW Hearing* consolidation appeal only.  *IMCDPW Hearing*, CAF, Tab 10.  In the other matters, the administrative judge permitted the parties to file written submissions.  *E.g.*, *West Point Cust., Hearing*, CAF, Tab 11.

¶3    The administrative judge issued separate initial decisions in the above‑referenced matters.  *West Point Cust., Hearing*, CAF, Tab 15, Initial Decision (CAF ID); *Howard v. Department of the Army*, MSPB Docket No. NY-0752-13-0572-I-1, Initial Appeal File (IAF), Tab 6, Initial Decision (*Howard* ID); *Kent v. Department of the Army*, MSPB Docket No. NY-0752-13-0499-I-1, IAF, Tab 6, Initial Decision (*Kent* ID); *Balaguer v. Department of the Army*, MSPB Docket No. NY-0752-13-0592-I-1, IAF, Tab 14, Initial Decision (*Balaguer* ID); *Martino v. Department of the Army*, MSPB Docket No. NY-0752-13-0505-I-1, IAF, Tab 6, Initial Decision (*Martino* ID).[6]  The administrative judge found that the agency demonstrated that a shortage of funds led to the implementation of the furlough, but that the agency did not apply the furlough uniformly and consistently.  *West Point Cust., Hearing*, CAF ID at 10‑11.  Relying on the testimony of an agency Supervisory Program Analyst from the *IMCDPW Hearing* consolidation appeal who had requested that all custodial workers be exempted from the furlough, the administrative judge concluded that the appellants were similarly situated to the other employees who were exempted and the agency failed to explain why it denied this request.  *West Point Cust., Hearing*, CAF ID at 9-11.  She therefore reversed the furlough actions because she found that they did not promote the efficiency of the service.  *West Point Cust., Hearing*, CAF ID at 11.  Additionally, in appellant Balaguer's appeal, the administrative judge found that he did not prove his affirmative defenses of disability discrimination and retaliation for filing a workers' compensation claim.

---

[6] Because of the similarity between these cases, we herein only cite to the *West Point Cust., Hearing* consolidation appeal file and initial decision unless otherwise noted.

*Balaguer* ID at 9-11. Notwithstanding her decision to reverse the furlough actions, the administrative judge did not order interim relief. *West Point Cust., Hearing*, CAF ID at 12.

¶4    The agency filed petitions for review in all of the above‑referenced appeals. *West Point Cust., Hearing*, Petition for Review (PFR) File, Tab 1; *Howard*, PFR File, Tab 1; *Kent*, PFR File, Tab 1; *Balaguer*, PFR File, Tab 1; *Martino*, PFR File, Tab 1. The agency also requested that the Board consolidate the *West Point Cust., Hearing* consolidation appeal with the *Howard*, *Kent*, and *Balaguer* individual appeals. *West Point Cust., Hearing*, PFR File, Tab 1 at 4 n.1; *Balaguer*, PFR File, Tab 1 at 4 n.1.[7] None of the appellants responded to the agency's petitions for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    On petition for review, the agency argues, among other things, that the administrative judge improperly substituted her judgment for that of the deciding official when she determined that the agency did not apply the furlough uniformly and consistently, and she erroneously relied on the testimony of the Supervisory Program Analyst from the *IMCDPW Hearing* consolidation appeal to buttress her conclusion in this matter. *West Point Cust., Hearing*, PFR File, Tab 1 at 8-16.[8]

¶6    Under 5 U.S.C. §§ 7512(5) and 7513(a), an agency may furlough an employee for 30 days or less "only for such cause as will promote the efficiency of the service." *Naval Station Norfolk-Hearing 2 v. Department of the Navy*, 123 M.S.P.R. 144, ¶ 8 (2016). An agency meets its burden of proving that a furlough promotes the efficiency of the service by showing, in general, that the furlough was a reasonable management solution to the financial restrictions

---

[7] The agency did not request that the Board consolidate the *Martino* appeal with the remaining appeals because appellant Martino requested and attended a hearing. *West Point Cust., Hearing*, PFR File, Tab 1 at 4 n.1.

[8] Because of the similarity in the agency's arguments on review, we hereinafter only refer to the *West Point Cust., Hearing* petition for review unless otherwise noted.

placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner. *In re Tinker AFSC/DP v. Department of the Air Force*, 121 M.S.P.R. 385, ¶ 14 (2014); *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013). A "fair and even manner" means that the agency applied the adverse action furlough uniformly and consistently. *Chandler*, 120 M.S.P.R. 163, ¶ 8. This does not mean that the agency is required to apply the furlough in such a way as to satisfy the Board's sense of equity; rather, it means that the agency is required to treat similarly situated employees similarly and to justify any deviations with legitimate management reasons. *Id.* What the efficiency of the service encompasses are issues relating to the uniform and consistent application of the furlough, including whether the agency used a furlough to target employees for personal reasons or attempted to exempt certain employees from the furlough without legitimate management reasons. *Id.*, ¶ 9.

¶7        We agree with the administrative judge that the furlough was a reasonable management solution to the financial restrictions placed upon the agency. *West Point Cust., Hearing*, CAF ID at 10. We disagree, however, with her conclusion that the agency did not apply the furlough in a uniform and consistent manner. In a declaration made under penalty of perjury, the deciding official explained that he exempted from the furlough water treatment and power/utility plant operators who were deemed necessary to protect property and maintain operations, and he utilized "reduction-in-force" criteria, i.e., service computation dates, to exempt 98 of 128 custodial workers under the health and safety exception. *West Point Cust., Hearing*, CAF, Tab 12 at 4-6. Because "minimal productivity output was not being met," the deciding official subsequently called back the remaining 30 custodial workers, including the appellants involved in these matters. *Id.* at 6.

¶8        In *Lopez v. Department of Navy*, 121 M.S.P.R. 647, ¶¶ 17, 19 (2014), the Board held that an agency's use of a uniform and consistent criterion, such as service computation dates, in deciding which employees to furlough, constitutes a

legitimate management reason for any differential treatment.  Here, as in *Lopez*, 121 M.S.P.R. 647, ¶ 18, there is no evidence that the agency's use of service computation dates was intended to target any of the appellants for personal reasons, *West Point Cust., Hearing*, CAF ID at 11; *Martino* ID at 9; *Balaguer* ID at 11; *Kent* ID at 10; *Howard* ID at 10.  We therefore conclude that the agency's use of service computation dates constitutes a legitimate management reason for any difference in treatment between the appellants and the exempted custodial workers.  That the deciding official ultimately agreed with the Supervisory Program Analyst regarding the need to exempt all custodial workers from the furlough does not warrant a different outcome.  *See Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶ 18 n.5 (2015) (emphasizing that whether the efficiency of the service is met is determined by reviewing the circumstances present when the agency took the furlough action, rather than reviewing the action with the benefit of hindsight); *aff'd*, 802 F.3d 1321 (Fed. Cir. 2015); *Department of Labor v. Avery*, 120 M.S.P.R. 150, ¶ 10 (2013) (finding that the Board will not scrutinize an agency's decision in such a way that second guesses the agency's assessment of its mission requirements and priorities), *aff'd sub nom. Berlin v. Department of Labor*, 772 F.3d 890 (Fed. Cir. 2014); *cf. Clerman v. Interstate Commerce Commission*, 35 M.S.P.R. 190, 194 (1987) (recognizing that the appropriateness of an agency's decision to release employees by reduction in force is judged based on circumstances when the actions were taken, not on events that occurred after the fact).  Accordingly, we reverse the initial decisions and reinstate the furlough actions.

¶9      In light of our disposition, we need not address the agency's remaining arguments in its petitions for review.  Because appellant Balaguer did not file a petition for review of the initial decision in his appeal, we also affirm the administrative judge's conclusion that he did not prove his affirmative defenses

of disability discrimination and retaliation for filing a workers' compensation claim.[9]

## NOTICE TO IN RE WEST POINT CUST., HEARING APPELLANTS AND APPELLANTS HOWARD, KENT, AND MARTINO REGARDING YOUR FURTHER REVIEW RIGHTS

This Final Order constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

---

[9] Below, this Order provides appellant Balaguer with specific notice of his appeal rights regarding his discrimination claim.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**NOTICE TO APPELLANT BALAGUER REGARDING YOUR FURTHER REVIEW RIGHTS**

This Final Order constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your

representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.

APPENDIX A

IN RE WEST POINT CUST., HEARING
NY-0752-14-0081-I-1

| | |
|---|---|
| Anthony S. Naclerio | NY-0752-13-0552-I-1 |
| Edmund A. Masloski | NY-0752-13-0590-I-1 |
| Evan L. Rosenmeyer | NY-0752-14-0083-I-1 |
| Gerard J. Killeen | NY-0752-13-0585-I-1 |
| Habakkuk Reggie Knight | NY-0752-13-0595-I-1 |
| James C. Howard | NY-0752-13-0947-I-1 |
| James McCormick | NY-0752-13-0578-I-1 |
| Johnnie J. Pittman | NY-0752-13-0550-I-1 |
| Joseph R. Murphy | NY-0752-13-0521-I-1 |
| Joseph Ray Branch | NY-0752-13-0600-I-1 |
| Josephine Burgos | NY-0752-13-0940-I-1 |
| Lamont Staples | NY-0752-13-0551-I-1 |
| Lauren E. Vogt | NY-0752-13-0588-I-1 |
| Leonard W. DeFreece | NY-0752-13-0930-I-1 |
| Marie Lerebours | NY-0752-13-0514-I-1 |
| Marie Reed | NY-0752-13-0604-I-1 |
| Michael B. Leghorn | NY-0752-13-0463-I-1 |
| Nijel T. Bethea | NY-0752-13-0579-I-1 |
| Richard P. De Maria | NY-0752-13-0941-I-1 |
| Rosemary DeJesus | NY-0752-13-0491-I-1 |
| Shaun Vincent Williams | NY-0752-13-0504-I-1 |
| Stephen A. Douglas | NY-0752-13-0584-I-1 |